# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RICHARD CUNNINGHAM** | *****CIVIL ACTION NO. 04-2528** |
| **VS.** | *****MAGISTRATE JUDGE HILL** |
| **PETROLEUM PROFESSIONAL INT., ET AL.** | *****BY CONSENT OF THE PARTIES** |

## REASONS FOR JUDGMENT

Before the Court is the Motion for Summary Judgment filed by defendant Petroleum Professionals International, Inc. ("Petroleum") [rec. doc. 50]. Plaintiff Richard Cunningham ("Cunningham") has not filed an opposition to Petroleum's Motion.[1] By this Motion, Petroleum contends that Cunningham's state law claims against it are preempted by ERISA[2] and that because ERISA forms the exclusive basis for recovery, there is no legal basis for Cunningham's claims against Petroleum. For the following reasons, Petroleum's Motion for Summary Judgment will be **GRANTED**, and plaintiff's claims against Petroleum will be **DISMISSED WITH PREJUDICE**.

---

[1]Plaintiff has filed a memorandum in opposition to The Guardian Life Insurance Company of America's Motion for Summary Judgment, but that memorandum does not address the claims asserted against Petroleum, nor does the opposition dispute Petroleum's Statement of Uncontested Facts with respect to these claims. [rec. docs. 56 and 60].

[2]The Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et. seq.

1

## Background

The Guardian Life Insurance Company of America ("Guardian") issued a Group Insurance Plan, policy number 319743, to Petroleum (hereinafter the "plan"). The plan provides for both short and long-term disability benefits. Plaintiff, Richard Cunningham, was employed by Petroleum from March 24, 2003 through June 19, 2003. Cunningham received short-term disability payments under the plan from June 27, 2003 through September 25, 2003. Plaintiff's claim for long-term disability benefits under the plan was denied on the ground that his claimed disability, "degenerative disc disease", was pre-existing.

On November 10, 2004, plaintiff filed an original petition in the 15th Judicial District Court for Lafayette Parish, Louisiana, seeking to recover past due long-term disability insurance benefits due under the plan, interest, and Louisiana statutory penalties and attorney's fees pursuant to La.R.S. 22:657, against defendants, Petroleum and Guardian. [rec. doc. 1, ¶ 15]. Cunningham alleged entitlement to long-term disability benefits due under the Plan in the amount of 60% of his salary, subject to a ninety day elimination period, to age 65. [doc. 1, ¶ 11]. Cunningham also alleged that the denial of his claim for long-term disability benefits under the plan was arbitrary and capricious and should therefore be reversed. [rec. doc. 1, ¶ 14]. With respect to Petroleum, in the original petition

Cunningham alleged that he disclosed "a back trouble condition" to Petroleum on March 18, 2003, and that despite this disclosure Petroleum agreed to employ him. Cunningham further alleged that as a benefit of his employment, Petroleum provided him with long-term disability insurance from Guardian. [rec. doc. 1, ¶ 6]. Thus, Cunningham alleged that Petroleum is "solidarily liable" with Guardian "for payment of [the disputed] benefits under the insurance policy issued by Guardian ...." [rec. doc. 1, prayer for relief]. In his amended complaint, Cunningham clarified the basis for his claim against Petroleum alleging that Petroleum knew of "the back problem" on March 18, 2003, that the "employee manual offered the disability benefit ... as an inducement for employment", and that Petroleum "agreed to provide long term disability benefits to plaintiff and was obligated to do so." Thus, Cunningham claims that "[i]f in fact this court determines that the plaintiff's back problem ... is not covered by the defendant Guardian, then defendant [Petroleum] is liable to provide those benefits." [rec. doc. 26, ¶ II].

The case was removed to this court on December 15, 2005, pursuant to 28 U.S.C. §1441, under this court's federal question jurisdiction (28 U.S.C. § 1331). [rec. doc. 3]. All parties have consented to the exercise of this Court's jurisdiction by the undersigned.

By Joint Stipulation filed on June 3, 2005, the parties agreed that "the Group Insurance Policy issued by Guardian to [Petroleum], under which plaintiff claims long term disability benefits, is an employee welfare benefit plan governed by [ERISA]". [rec. doc. 32]. On July 19, 2005, the parties further stipulated that ERISA preempts all state law claims against Guardian, and that the plan grants the plan administrator discretionary authority to determine eligibility for benefits and to construe the terms of the plan. [rec. doc. 37]. However, Cunningham refused to stipulate that his claims against Petroleum were preempted by ERISA as those "claims are based on Louisiana contract law." [rec. doc. 35].

## Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of

4

evidence supporting the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment as prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

Law and Analysis

Defendant, Petroleum, moves for summary judgment under Federal Rule of Civil Procedure 56, contending that Cunningham's state law claims against it are preempted by ERISA.*³* Cunningham's memorandum in opposition to Guardian's

---

³While plaintiff has stipulated that ERISA preempts all state law claims asserted against Guardian, he has refused to so stipulate with respect to his claims against his employer, Petroleum. [rec. docs. 35 and 37].

Motion for Summary Judgment does not dispute this contention, and plaintiff has not opposed Petroleum's motion for summary judgment.

There are two types of ERISA preemption: complete preemption under § 502(a) (the civil enforcement provision codified at 28 U.S.C. § 1132(a)(1)(B)) and express or conflict preemption under § 514 (the preemption provision codified at 28 U.S.C. § 1144(a)).

Complete preemption occurs when a federal statute wholly displaces a state law cause of action and in effect converts the state law claim, even if pleaded in terms of state law, into a federal cause of action. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 62-66 (1987); *AETNA Health, Inc., v. Davila*, 542 U.S. 200, 207-211, 124 S.Ct. 2488 (2004). The ERISA civil enforcement provision codified at 29 U.S.C. §1132(a)(1)(B) is one such statute. *Id*. Hence, state law causes of action "within the scope of" the civil enforcement provision are completely preempted. *Id*.; *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003). Express or conflict preemption exists when a state law claim "relates to" an ERISA plan unless it "regulates insurance." *Haynes v. Prudential Healthcare*, 313 F.3d 330, 334 (5th Cir. 2002) citing *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 45 (1987).

Petroleum argues that plaintiff's claims against it are completely preempted.

6

ERISA's civil enforcement provision, codified at 29 U.S.C. §1132(a)(1)(B), provides that a civil action may be brought by an ERISA plan participant or beneficiary "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." *Id.* If a state law cause of action is "within the scope of" this civil enforcement provision, the action is completely preempted. *Id.*; *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003). Suits "to recover benefits from a covered plan ... fall[] directly under § 502(a)(1)(B) of ERISA" , which provides an exclusive cause of action for resolution of such disputes." *Taylor,* 481 U.S. at 63-64; *Davila*, 542 U.S. at 214.

Cunningham brings this suit to recover long-term disability benefits after an alleged wrongful denial of benefits due him under the terms of the Guardian ERISA plan. As to Petroleum, Cunningham asserts a claim, purportedly under Louisiana state law, for long-term disability benefits which he did not receive under the ERISA plan issued by Guarddian. As such, Cunningham's claim against Petroleum can fairly be characterized as a claim "to recover benefits" due him under the terms of the plan. This conclusion is suppoerted by the relief sought by plaintiff in this action. Cunningham expressly prays for a judgment holding Petroleum "solidarily liable" with Guardian for "the payment of benefits under the

insurance policy issued by Guardian ...", and further prays that judgment be rendered in the exact amount, and for the exact length of time, that he alleges that those benefits are due under the terms of the plan. [rec. doc. 1, prayer for relief and ¶ 15].

Although Cunningham alleges that Petroleum's "employee manual" offered disability coverage to him, Cunningham has failed to present any evidence to support this allegation, in opposition to the motion of Petroleum. A party may not rest on mere allegations made in his pleadings to establish that a genuine issue of material fact for trial. Moreover, given the relief sought herein, Cunningham's claim against Petroleum is clearly not independent of the ERISA plan. To the contrary, the plan forms the essential part of Cunningham's claim, in that Pettroleum's alleged liability in this case derives entirely from the rights and obligations established by the ERISA plan. Thus, ERISA forms the exclusive basis for recovery herein. See *Davila*, 542 U.S. at 21-214.

The undersigned's conclusion is further bolstered by decisions of the Supreme Court holding that ERISA's civil enforcement provision displaces state common law breach of contract, tort, and bad faith claims as well as claims for extra-contractual damages like those plaintiff attempts to assert herein. *See, Taylor*, 481 U.S. 58, 60 and 64-65 (1987); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 54 (1987); *Massachusetts Mutual Life Insurance Company*

*v. Russell*, 473 U.S. 134, 144 (1985). If this were not the case and "ERISA plan participants and beneficiaries were free to obtain remedies under state law ...", "the federal scheme would be completely undermined ...." *Taylor,* 481 U.S. at 64-65; *Pilot Life*, 481 U.S. at 54. Thus, there is no legal basis for Cunningham's state law claims against Petroleum as those claims are displaced and supplanted by ERISA's civil enforcement provision, § 1132(a)(1)(B). Cunningham's claims against Petroleum are completely preempted. Accordingly, summary judgment on the claims against Petroleum is proper.

Additionally, ERISA does not allow Cunningham to bring an action against Petroleum, his employer, for recovery of long-term disability benefits under the plan. The United States Fifth Circuit Court of Appeals has held that a plaintiff may sue his employer if it is the employer's decision to deny benefits and if the employer is the plan administrator or sponsor. *Musmeci v. Schweggman Giant Supermarkets,* 332 F.3d 339, 349 (5th Cir. 2003).

In this case, the long-term disability benefits plan designates Guardian as the Claims Fiduciary with respect to determining a participant's entitlement to benefits. [Guardian Group Insurance Plan Benefits, hereafter "Plan", p. 68]. Guardian is exclusively authorized to make this determination. *Id.; See also* [Plan, p. 9]. Cunningham has failed to produce any evidence that Petroleum exercised any control whatsoever over the decision to deny him benefits under the plan. To

the contrary, the record unequivocally establishes that the decision to deny Cunningham benefits was made exclusively by Guardian. [Plan, pp. 101-103; 106-107].

In *Henderson v. Transamerica Accidental Life Ins. Co.,* 120 F. Supp. 2d 1278 (M.D. Ala. 2000), *aff'd*, 263 F.3d 171 (11th Cir. 2001), as in the instant case, an employer established a long-term disability plan for its employees. *Henderson,* 120 F. Supp. 2d at 1282. Plaintiff filed suit against the employer and the insurer alleging wrongful denial of disability benefits. *Id.* Because plaintiff failed to present evidence that the employer played a role in granting or denying disability claims, summary judgment was granted in favor of the employer, with the court noting that:

> [a]bsent evidence of some degree of decisional control on the part of the employer, it is illogical to require it to stand before this court to face a charge of wrongful denial of benefits.

*Id.*

In this case, the Guardian plan specifically provides Guardian, not Petroleum, with the authority to determine a claimant's entitlement to benefits.[4] Cunningham has failed to submit any evidence which would create a genuine issue

---

[4] The plan states that "Guardian is the Claims Fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims." [Plan, p. 117].

of material fact as to Petroleum's involvement in the decision to deny plaintiff long-term disability benefits. Therefore, a claim against Petroleum for benefits under the plan is not allowed. See 29 U.S.C. §1132(a)(1)(B) and (d).

Moreover, even if Cunningham's claims against Petroleum were not completely preempted by ERISA's civil enforcement provision, the claims would be found expressly or conflict preempted the ERISA preemption provision. That provision states that ERISA "shall preempt any and all state laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. §1144(a). The Supreme Court has held that the ERISA preemption provision is "deliberatively expansive ..." and has therefore been construed broadly by federal courts. *Pilot Life*, 481 U.S. at 46; *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942, 945 (5th Cir. 1995). Considering the expansive sweep of this provision, it has been held that a state law "relates to an employee benefit plan whenever it has a connection with or reference to such a plan." *Hubbard*, 42 F.3d at 945; *Pilot Life*, 481 U.S. at 47.

Generally, ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and the beneficiaries.'" *Hubbard,* 42 F.3d at

945. The Fifth Circuit has held that the fact that a claim seeks damages measured by plan benefits suffices as the requisite "connection to" an employee benefit plan for preemption purposes. *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218 (5th Cir. 1992) citing *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989). Additionally, "[w]hen a court must refer to an ERISA plan to determine the plaintiff's ... benefits and compute the damages claimed, the claim relates to an ERISA plan." *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993). Moreover, when the resolution of a claim would require an inquiry into questions intricately bound up with the interpretation and administration of an ERISA plan, the claim "relates to" and hence is preempted by ERISA. *Hubbard*, 42 F.3d at 946.

The nature of the allegations presented in Cunningham's original and amended complaint, as well as the relief sought therein, indicate that plaintiff's claims against Petroleum involve the precise claims preempted by ERISA, that is, the right to receive plan benefits, a claim directly affecting the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Hubbard*, supra.

Moreover, Cunningham's claim has a definite "connection to" the Petroleum plan. If successful in this lawsuit, Cunningham expressly requests the equivalent of the long-term disability benefits defined by the plan. Thus, Cunningham's requested damages are, in effect, the long-term disability benefits

12

he would have received under the plan had his claim not been denied. Again, Cunningham has not submitted the alleged "employee manual" or any other separate written agreement specifying the amount, terms and conditions of the claimed long-term disability benefits allegedly promised by Petroleum, independent of the terms of the plan.[5] Thus, to compute plaintiff's damages, this court would necessarily be required to refer to the terms of the ERISA plan under which Cunningham was covered because use of any other source as a measure of damages would constitute mere speculation. See *Cefalu*, 871 F.3d at 1294; *Christopher*, 950 F.2d at 1218; *Epps*, 7 F.3d at 45.

Finally, the resolution of Cunningham's claim that he was promised these disability benefits by his "employee manual" would require, at a minimum, an inquiry into questions intricately bound up with the interpretation and administration of the Petroleum ERISA plan. As such, Cunningham's claims are clearly "related to" an ERISA regulated benefit plan. *Hubbard*, 42 F.3d at 946. Cunningham has not presented any evidence to dispute ERISA preemption over his state law claims against Petroleum, and the record reveals no genuine issue of fact remaining for trial with respect to these claims. Summary Judgement is

---

[5]Moreover, in the absence of the alleged written "employee manual" specifying the amount, terms and conditions of the claimed promised benefits, Cunningham's claim amounts to a claim of an oral contract to extend or modify ERISA benefits. The Fifth Circuit has, however, found that such agreements cannot form the basis of a cause of action. *Cefalu*, 871 F.2d at 1296-1298.

therefore proper. Cunningham's state law claims against Petroleum are expressly or conflict preempted.

Finally, it is well settled that plaintiff's "bad faith" claim for Louisiana statutory penalties and attorney's fees pursuant to La.R.S. 22:657 is preempted by ERISA, notwithstanding the fact that the statute is part of the Louisiana Insurance Code. See *Duchesne-Baker v. Extendicare Health Services, Inc.*, 2003 WL 22327192, *8 (E.D.La. 2003) citing *Arana v. Ochsner Health Plan, Inc.*, 302 F.3d 462, 473 (5th Cir. 2001), *reversed on other grounds*, 338 F.3d 433 (5th Cir. 2003), *Bank of Louisiana v. Aetna U.S. Healthcare, Inc.*, 2003 WL 21634306, *2-3 (E.D.La. 2003), *Anderson v. Business Men's Assurance, Co.*, 2003 WL 21305535, *10 (E.D.La. 2003), *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 466-467 (E.D.La. 2000) and *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 123 S.Ct. 1472, 1479 (2003); *Rasmussen v. Metropolitan Life Ins. Co.*, 675 F.Supp. 1497 (W.D.La. 1987); *Cramer v. Assoc. Life Ins. Co.*, 569 So.2d 533 (1990); *Falgout v. McDermott Inc.*, 1993 WL 386253, *2 (E.D.La. 1993); *Taylor v. Blue Cross/Blue Shield*, 684 F.Supp. 1352,1359 (E.D.La. 1988); *Marziale v. Hartford Life & Accident Ins.Co.*, 2002 WL 31465886, *3 (E.D.La. 2002) citing *Hicks v. CNA Ins. Co.*, 4 F.Supp.2d 576, 579 (E.D.La. 1998), and *Chatelain v. Southern Baptist Health Systems,* 907 F.Supp. 206, 208-212 (E.D.La. 1995); *Coles v.*

*Metropolitan Life Ins. Co.*, 837 F.Supp. 764, 767 (M.D.La. 1993); See also *Sutherland v. U.S. Life Ins.*, 263 F.Supp.2d 1065 1072-1073 (E.D.La. 2003).

For the foregoing reasons, the Court finds that Cunningham's claims against Petroleum for benefits under the plan is not authorized by ERISA, and that ERISA preempts all state law claims asserted by plaintiff herein against Petroleum. Accordingly, Petroleum's Motion for Summary Judgment will be granted and the Cunningham's claims against Petroleum will be dismissed with prejudice.

Lafayette, Louisiana, April 19, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE